No. 535 June 11, 2025 289

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINA MARIE McLANE,
*Defendant-Appellant.*

Lake County Circuit Court
22CR12877; A180657

David M. Vandenberg, Judge.

Submitted September 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant was convicted of reckless burning pursuant to ORS 164.335. On appeal of the judgment of conviction, she raises one assignment of error, challenging the award of $6,900 in restitution. Defendant argues that the state failed to produce sufficient evidence that the replacement costs incurred were reasonable and that all of the damages were caused by defendant's reckless burning. For the following reasons, we affirm.

Defendant pleaded guilty to reckless burning, and, in her plea, admitted to starting a fire on the victim's property that spread to, and eventually damaged, the victim's manufactured trailer home that was on the property. The state sought $6,900 in restitution to compensate the victim. At the restitution hearing, the victim testified that the damage done to her trailer was caused by the fire that was set by defendant, and that she and her husband did not have insurance to pay for the damage. She also testified that she repaired the trailer with her husband and provided an informal accounting which included trips to Home Depot for replacement appliances and parts. The state submitted photos of damage to the trailer (including pictures of damage to the interior and pictures of the repairs made), a comparative real-estate market analysis estimating a value of $20,000 to $30,000 for the victim's trailer, a tax assessment listing the trailer's value as $2,290, and a list of items that the victims bought to repair the damages that defendant caused.

Defendant objected to the requested restitution, arguing that the court should value the victim's trailer at $2,290 and disregard the repair costs, stating that, under the economic damages statute, the victim was entitled to recover "reasonable costs incurred for repair, or replacement of damaged property, whichever is less." Defendant further argued that the state had not presented "hard evidence" of the reasonableness of the costs. The trial court took the matter under advisement and issued a letter opinion that concluded, "the Court finds restitution in the amount of $6,900 is owed to the victim in this matter."

On appeal, defendant raises one assignment of error and supports the assignment with two arguments.[1] First, defendant argues that there was insufficient evidence that the amounts incurred for repairs were reasonable. Second, defendant argues that the state failed to provide sufficient evidence that the damages sought were only for damages that were causally related to defendant's conduct.

We review a trial court's imposition of restitution for legal error, accepting all factual findings to the extent that evidence in the record supports them. *State v. Woods*, 284 Or App 559, 565, 393 P3d 1188, *rev den,* 361 Or 801 (2017). Under ORS 137.106(2)(a), ORS 31.705 is applicable to restitution hearings. Regarding economic damages, ORS 31.705(2)(a) states:

> "'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

We conclude that the trial court did not err in awarding the $6,900 because there was sufficient evidence for the court to conclude both that the costs were reasonable, and that defendant caused the damage.[2] "[T]here are

---

[1] Defendant does not re-argue to us that the court was required to apply the "whichever is lesser" preposition in ORS 31.705(a) that was raised briefly below, and so we do not address that issue in this opinion.

[2] The state argues that defendant did not preserve her arguments. However, we reject that contention because defendant argued, albeit briefly, that she believed there was not "hard evidence" of the expenditures, and repeatedly referred the court to its obligation to find that the replacement costs were reasonable. For the purposes of preserving the limited sufficiency arguments now raised on appeal, the goal of preservation was met. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("The fact that the level of detail or thoroughness with which a party articulates a position may leave something to be desired does not mean that it was insufficient to serve the rule of preservation's pragmatic purposes. The point *** is whether a party provides sufficient information to enable opposing parties to meet an objection and the trial court to avoid error.").

three prerequisites for an award of restitution: (1) criminal activities, (2) [economic] damages, and (3) a causal relationship between the two." *State v. Kirkland*, 268 Or App 420, 424, 342 P3d 163 (2015). Here, there is sufficient evidence of the causation. The photographic evidence and testimony, coupled with defendant's admission during her plea, support the trial court's finding that defendant's conduct caused all of the damage for which the victim sought restitution. The trial court received numerous exhibits, several of which included photos taken days after the fire, which demonstrated significant damage to the kitchen, floors, and appliances.

Regarding the reasonableness of the costs, the victim provided a list of items that were acquired to repair the damages and testified that the materials were purchased either at Home Depot or secondhand, making it inferable that the prices are consistent with the general market for home-improvement products. Given that evidence, the trial court did not err in awarding the victim $6,900 in restitution.

Affirmed.